## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jennifer R. Britt,

                    Plaintiff,           Civil Action No. 10-14463

             vs.                  District Judge Julian Abele Cook

Flagstar Bank, FSB, ,           Magistrate Judge Mona K. Majzoub
Trott & Trott, P.C., and Fannie
Mae,

                    Defendants.

_____/

### REPORT AND RECOMMENDATION

Before the Court is Defendants Flagstar Bank, FSB, Trott & Trott, P.C., and Fannie Mae's motion for summary judgment/dismissal. (Dkt. 24, 28.) The Court has been referred this motion pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 29.) The Court has reviewed the pleadings, dispenses with a hearing, and is now ready to issue this report and recommendation.[1]

**I.    Recommendation**

In this mortgaged-related case, Plaintiff Jennifer Britt primarily alleges that Defendants violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*, the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, committed fraud and predatory sub-prime lending, and denied her her dower rights.[2] Because Plaintiff's RESPA and TILA claims are time-barred, she

---

[1]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

[2]Plaintiff also mentions, in passing, that Defendants violated the Community Reinvestment Act and Michigan Compiled Law § 438.31.

has failed to plead fraud with the required particularly, Michigan does not recognize a predatory sub-prime cause of action, and she has failed to state a claim of dower, the Court recommends that Defendants' motion for summary judgment/dismissal be granted and Plaintiff's complaint be dismissed.

## II.    Report

### A.    Facts

On May 15, 2001, Plaintiff's now-deceased husband, Leon Britt, submitted a loan application to refinance a mortgage on his primary residence at 15701 Warwick St., Detroit, Michigan 48226 to Defendant Flagstar Bank. (Dkt. 24, Defs.' Mot. for Summ. J., Ex. 3, Loan Application.) On that application, Mr. Britt indicated that he would hold the title to the property by himself, although he was married. (*Id.*) Defendant Flagstar Bank approved the application. On June 21, 2001, Mr. Britt executed the mortgage to secure the amount of the loan–$145,000.00. (Defs.' Mot. for Summ. J., Ex. 4, Mortgage.) On that day, Mr. Britt also received and signed a "Notice of Right to Cancel." (Defs.' Mot. for Summ. J., Ex. 5, Notice of Right to Cancel.) Mr. Britt also received the Federal Truth-In-Lending Disclosure from Defendant Flagstar Bank. (Defs.' Mot. for Summ. J., Ex. 6, Truth-In-Lending Disclosure.)

On April 8, 2006, Mr. Britt passed away. (Dkt. 1, Compl., Ex. C.)

On August 17, 2006, Defendant Trott & Trott sent a notice to Mr. Britt's estate that the loan was in default. (Compl., Ex. E.) The notice indicates that Mr. Britt's estate owed $26,935.41. (*Id.*) The notice also indicates that foreclosure proceedings would progress if the delinquent amount was not paid. (*Id.*) Defendant Trott & Trott also informed Mr. Britt's estate that an auction had been scheduled for September 6, 2006. (*Id.*)

Plaintiff paid the amount of default.  Two checks, dated September 5, 2006, show that Plaintiff paid the amount to reinstate the loan.  (Compl., Ex. E-2.)  Defendant Trott & Trott acknowledged receipt of the reinstatement funds.  (Defs.' Mot. for Summ. J., Ex. 9.)  In that letter, Defendant Trott & Trott also stated that it would cancel the impending foreclosure sale.  (*Id.*)

Two years later, on November 18, 2008, Defendant Flagstar Bank notified Plaintiff (the notice names Mr. Britt) that she was again in default in her mortgage.  (Defs.' Mot. for Summ. J., Ex. 10.)  The notice states that Defendant Flagstar Bank needed to receive the curing amount within thirty days of November 18.  (*Id.*)  The notice also indicates that, if Plaintiff failed to cure the default, then Defendant Flagstar would have the right to sell the property.  (*Id.*)

Plaintiff admits that the mortgage was in default in 2009.  (Defs.' Mot. for Summ. J., Ex. 13, Pl.'s Answer to Defendants' Request to Admit No. 11.)  There is no indication in the record that Plaintiff cured the 2008 default.

On December 23, 2009, the property was sold at an auction; a sheriff's deed on the mortgage sale then issued.  (Defs.' Mot. for Summ. J., Ex. 12.)

On February 1, 2010, Defendant Flagstar executed a quit-claim deed to Defendant Fannie Mae.  (Compl., Ex. F.)  On June 11, 2010, the Wayne Country Register of Deeds recorded the transaction.  (*Id.*)

On August 18, 2010, a Michigan state court entered a judgment that Defendant Fannie Mae had a right to possess the property.  (Compl., Ex. G.)  That court's order stated that an "order evicting [Plaintiff] will be issued on or after 11/22/10 unless [Plaintiff] move[s]."  (*Id.*)

On November 9, 2010, Plaintiff filed this complaint.

**B.    Standards of review**

3

### 1.      Rule 12(b)(6) motion to dismiss standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  See *Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 1950 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id.* (internal quotation marks and citation omitted).  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

### 2.    Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;

5

(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

### C.    Analysis

#### 1.    Plaintiff's RESPA and TILA claims are time-barred

Defendants argue that Plaintiff's RESPA and TILA money damages claims are time-barred. (Defs.' Mot. at 5.)  Defendants also argue that TILA does not give Plaintiff the remedy of rescission for a "residential mortgage transaction" as defined by TILA.  (Defs.' Mot. at 5.)

Under RESPA, an action must be brought "within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation."[3]  12 U.S.C. § 2614.  *See Harvey v. Ameriquest Mortg. Co.*,

---

[3]Section 2605 imposes certain disclosure requirements on mortgagees.  Section 2607 relates to kickbacks and unearned fees.  And § 2608 relates to title insurance provisions.  The Court does not discuss these provisions because Plaintiff has not put forth any allegations that would support causes of action under these statutes.  And even if she had made some allegations, these causes of actions are time-barred.

10-12246, 2010 WL 4386976, at *3 (E.D. Mich. Oct. 29, 2010) (Duggan, J.) (applying the RESPA statute of limitations to the plaintiff's vaguely-pleaded complaint and denying the plaintiff's request to toll the statute of limitations).

Under TILA, a claim for damages must be brought "within one year from the date of the occurrence of the violation."[4] *Harvey*, 2010 WL 4386976, at *3 (quoting 15 U.S.C. § 1640(e)). And a TILA claim for rescission must be brought within three years "after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first[.]" 15 U.S.C. § 1635(f). But, as courts in this district have found, "the right of rescission does not apply to a 'residential mortgage transaction,' which is defined as a 'transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.'" *Harvey*, 2010 WL 4386976, at *3 (quoting 15 U.S.C. § 1602).

Here, the alleged violation occurred on June 21, 2010, when Mr. Britt entered into the loan agreement with Defendant Flagstar Bank. *Harvey*, 2010 WL 4386976, at *3 (quoting, "[i]t is well settled that the 'occurrence of the violation' means the date the plaintiff enters the loan agreement or, in the alternative, when the defendant performs by transmitting the loan funds to the plaintiffs.") (citations omitted).

Because over ten years have passed since Mr. Britt entered into the mortgage refinancing,

---

[4]TILA also requires specific disclosures during certain transactions.  The Court again does not discuss the statutes in depth, as Plaintiff has not offered any facts that would support a cause of action under TILA.

neither a RESPA nor TILA cause of action exists.  The Court recommends that Defendants' motion

for summary judgment be granted and these claims be dismissed with prejudice.

> **2.    Plaintiff alternatively lacks standing to pursue her RESPA and TILA claims**

Defendants alternatively argue that Plaintiff lacks standing to raise RESPA and TILA claims

because she was not a party to the mortgage.  (Defs.' Mot. at 8.)  Federal courts have found that a

spouse who was not a party to her partner's loan or mortgage lacks the ability to bring a RESPA or

TILA claim.  *See Takushi v. BAC Home Loans Servicing, LP*, 11-00189, 2011 WL 2610208 (D.

Hawaii July 1, 2011) (surveying cases in which the court granted summary judgment on RESPA and

TILA claims for lack of standing because the plaintiff was not a party to the mortgage); *Falkiner v.

OneWest Bank, FSB*, 780 F.Supp.2d 460, (E.D.Va. 2011) (holding that the obligor's wife, who did

not sign the note that she was attempting to rescind under TILA, did not have rescission rights.);

*Ferreira v. Mortgage Elec. Reg. Sys., Inc.*, __F.Supp.2d__, 2011 WL 1842864, at *5 (D. Mass.

2011) (discussing federal courts that found that a spouse who was the person to whom the credit was

extended cannot bring a cause of action under TILA to rescind.).

Here, as Defendants point out, Plaintiff has admitted that she was not named on the mortgage

or note.  (Defs.' Mot. for Summ. J., Ex. 13, Pl.'s Answer to Defendants' Request to Admit Nos. 2,

3, 6, 7.)  Because Plaintiff was not a party to the mortgage or note, Plaintiff cannot assert RESPA

or TILA claims.

> **3.    Plaintiff fails to plead her fraud claim with particularity**

Plaintiff has alleged a fraud claim.  Despite this allegation, Plaintiff's fraud claim fails

because it does not meet the particularity requirements Federal Rule of Civil Procedure 9(b) imposes

on a fraud claim.  To meet the particularity requirements of Rule 9(b), Plaintiff must "(1) specify the statements that [Plaintiff] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation marks and citation omitted). At a minimum, Plaintiff "must allege the time, place and contents of the misrepresentations upon which [he] relied."  *Id.*  Plaintiff "also must allege facts from which it could be concluded that [her] reliance was reasonable." *Issa v. Provident Funding Group, Inc*., No. 09-12595, 2010 WL 538298, *5 (E.D. Mich. Feb. 10, 2010) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999)).  "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant[] to answer, addressing in an informed way the [plaintiff's] claim of fraud." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010) (citation omitted; alterations in original) (dismissing the plaintiffs' complaint because it did "not contain allegations concerning the time and place of the alleged misrepresentations" and stating that "[the plaintiffs] cannot merely recite a statute, claim it has been violated, and expect to survive a motion to dismiss.").  *See also Ass'n of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citation omitted) (holding that a plaintiff's pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

Plaintiff alleges fraudulent, or intentional, misrepresentation.  Under Michigan law, the elements of a claim for fraudulent misrepresentation are: (1) that the defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with

the intention that it should be acted upon by plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that [s]he thereby suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (quoting *Chandler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)). "[T]he absence of any one of [these elements] is fatal to a recovery." *Id.*

Plaintiff's allegations fail to meet the particularity requirements. She has not alleged the time, place, speakers, or why the statements were fraudulent. She merely recites the general elements of a fraud claim. The Court recommends that Plaintiff's fraud claim be dismissed.

### 4.   Michigan does not recognize a claim of predatory sub-prime lending

Plaintiff has alleged that Defendants committed predatory sub-prime lending. Michigan law does not recognize this cause of action. *See Yaldu v. Bank of Am. Corp.*, 700 F.Supp.2d 832, 847 (E.D. Mich. 2010) (Lawson, J.) (citing cases for the holding, and stating that it had "found no Michigan case that supports the plaintiff's theory of [predatory lending]."). *See also Harvey v. Ameriquest Mortg. Co.*, 10-12246, 2010 WL 4386976, at *4 (E.D. Mich. Oct. 29, 2010) (Duggan, J.) (holding that no "predatory lending" or "predatory sub prime lending" cause of action exists in Michigan). Plaintiff cannot sustain this claim and thus the Court recommends that this claim be dismissed with prejudice.

### 5.   Plaintiff has failed to state a claim with respect to dower rights

Plaintiff argues that Defendants interfered with her dower rights. She states that her dower rights privileges should have mandated Defendants to help her "validly refinance" her home. She alleges that Defendant Flagstar Bank would not supply her with a copy of the mortgage. (Compl. ¶ 31.) She alleges that this refusal constituted a denial of her "collateral right to dower provisions to the mortgage contract of property to which she is entitled a copy of as the wife with the privilege

10

2:10-cv-14463-JAC-MKM   Doc # 32   Filed 10/27/11   Pg 11 of 13   Pg ID 240

of obtaining." (*Id.* ¶ 32.) Plaintiff alleges that Defendant Trott & Trott refused to honor her "dower rights of ownership or to assist in the refinance [of her] home." (*Id.* ¶ 34.)

Defendants argue that, because Plaintiff was not a party to the mortgage, she cannot assert her dower rights against the mortgagee. Defendants are correct. Michigan Compiled Law § 558.4 affirms Defendants' argument:

> When a husband shall purchase lands during coverture, and shall at the same time mortgage his estate in such lands to secure the payment of the purchase money, his widow shall not be entitled to dower out of such lands, as against the mortgagee or those claiming under him, although she shall not have united in such mortgage, but she shall be entitled to her dower as against all other persons.

Michigan courts have also stated that "dower rights [are] not a valid defense to the foreclosure proceedings as a matter of law." *Rice v. Rice*, 253843, 2005 WL 3077145, at *2 (Mich.Ct.App. Nov. 17, 2005). Plaintiff's remedy upon the foreclosure of her husband's home is to redeem the mortgaged property. *See Rice v. Rice*, 253843, 2005 WL 3077145, at *2 (Mich.Ct.App. Nov. 17, 2005) ("Rather, a wife has the right to redeem the mortgaged property upon foreclosure.") (citation omitted).

Plaintiff has not submitted any indication (either with evidence in the record or in her complaint) that she ever redeemed or was able to redeem the property. Plaintiff has not supported her dower rights cause of action with any supporting facts that a cause of action of dower is available to her under any set of facts. The Court therefore recommends that this claim be dismissed with prejudice.

### 6. Plaintiff has not stated a cause of action regarding her other, miscellaneously-stated claims

11

In the TILA section of her complaint, she mentions the Community Reinvestment Act, 12 U.S.C. 2901, et seq.  Inasmuch as Plaintiff alleges that Defendants violated this section, for she offers no factual allegations in support of it, the CRA does not provide for a private cause of action. *Harvey v. Ameriquest Mortg. Co.*, 10-12246, 2010 WL 4386976, at *3 (E.D. Mich. Oct. 29, 2010) (Duggan, J.)  The Court recommends that Plaintiff's CRA claim be dismissed with prejudice.

In her general allegations, Plaintiff also mentions Michigan Compiled Law 438.31c.  That statute relates to interest rates.  Plaintiff has not set forth any allegations that support any claim under that statute.  The Court recommends dismissing that cause of action, if it is a cause of action, without prejudice.

### D.    Conclusion

For the above-stated reasons, the Court recommends that Defendants' motion for summary judgment/dismissal be granted and Plaintiff's complaint dismissed.  The Court further recommends that Plaintiff's RESPA, TILA, predatory sub-prime lending, dower, and CRA claims be dismissed with prejudice and that Plaintiff's fraud and Michigan Compiled Law 438.31c claims be dismissed without prejudice.

## III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  October 27, 2011                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Jennifer R. Britt and Counsel of Record on this date.

Dated:  October 27, 2011                    s/ Lisa C. Bartlett
                                            Case Manager